UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Demetric nmn Hayes,<br><br><div style="text-align:right">Debtor(s).</div> | C/A No. 11-04722-JW<br><br>Adv. Pro. No. 11-80131-JW<br><br>Chapter 13 |
| Demetric nmn Hayes,<br><br><div style="text-align:right">Plaintiff(s),</div><br>v.<br><br>South Carolina Federal Credit Union,<br><br><div style="text-align:right">Defendant(s).</div> | ORDER REGARDING DEBTOR'S MOTION FOR WRIT OF CERTIORARI SEQUESTER AND MOTION FOR WRIT OF CERTIORARI |

This matter comes before the Court upon Demetric Hayes's *pro se* filing of a "Notice of Motion for Writ of Certiorari Sequester" along with various accompanying documents[1] on August 29, 2011, and "Notice of Motion for Writ of Certiorari" along

---

[1] Attached to the Notice of Motion for Writ of Certiorari Sequester are the following documents: Notice of Acceptance Upon Proof of Claim, various state and bankruptcy court filings stamped with "Accept for Value and Return for Value and Consideration" and signed by Debtor, Negotiable Preauthorized Notice of Transfer Between Parties Only Re: Notice of Acceptance for Set-off and Notice of Chargeback in Accord with UCC 3-419 and HJR-192 and Registered Adjustment of Account, Bill of Exchange dated August 29, 2011 in the amount of $3,659,438.00, Allonge Promissory Note at sight payable on demand to United States Bankruptcy Court District of South Carolina in the amount of $3,659,438.00, UCC Online Receipt for UCC Assignment Filing Fee in the amount of $14, UCC-3 Financing Statement Amendment with Demetric Hayes listed as Secured Party, David Melnyk d/b/a Attorney and John E. Waites listed as fiduciary, Release of Lien on Real Property dated August 29, 2011, Release of Personal Property from Escrow dated August 29, 2011, Affidavit of Individual Surety dated August 29, 2011, Notice of Claim of Maritime Lien in the amount of $300,000,000.00 dated August 29, 2011, State of South Carolina Birth Certification for *Demetric Hayes* issued August 20, 2010, Notice of Will of Assignment of Demetric Hayes dated August 29, 2011, Commercial Notice Appointment of Fiduciary Debtor and Creditor dated August 29, 2011, Certificate of Service regarding Notice of Appointment of Fiduciary Debtor, Reinsurance Agreement for a Miller Act Performance Bond dated August 29, 2011, Bid Bond, Performance Bond, Payment Bond, Notice Concerning Fiduciary Relationship (naming the Honorable John E. Waites as Fiduciary), Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding, Certificate of Foreign Intermediary, Foreign Flow-Through Entity, or Certain U.S. Branches for United States Tax Withholding, 2010 IRS Form 1099-A Acquisition or

with various accompanying documents[2] on September 8, 2011 (collectively "Motions").[3] The Court reviewed the Motions and all accompanying documents, but was unable to determine what relief, if any, was requested. Accordingly, after adequate notice, a hearing was conducted on September 15, 2011 in order to provide Debtor an opportunity to appear with his counsel and explain the relief requested. After reviewing the arguments and evidence presented at the hearing and the record in this case, the Court finds as follows:

## BACKGROUND

1.  On July 28, 2011, Demetric Hayes ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code (the "Petition"). The Petition was signed by Debtor, under penalty of perjury, and was filed by his counsel, David W. Melnyk ("Counsel"). Debtor also filed schedules and statements with the Petition. On Schedule D, Debtor listed South Carolina Federal Credit Union ("SCFCU") as a secured creditor with a claim of $27,000, which is secured by a purchase money security interest in a 2008 Dodge Sprinter Van ("Van").

---

Abandonment of Secured Property listing United States Bankruptcy Court District of South Carolina as borrower, 2010 IRS Form 1099-B Proceeds from Broker and Barter Exchange Transactions listing United States Bankruptcy Court District of South Carolina as Recipient, 2010 IRS Form 1099-C Cancellation of Debt listing United States Bankruptcy Court District of South Carolina as Debtor, 2010 IRS Form 1096 Annual Summary and Transmittal of U.S. Information Return, 2010 Form 1040-V Payment Voucher in the amount of $3,659,438.00, and Affidavit of Notary Presentment dated August 29, 2011.

[2]  Attached to the Notice of Motion for Writ of Certiorari are the following documents: Notice of Acceptance Upon Proof of Claim, various pleadings filed in this case stamped with "Accept for Value and Return for Value and Consideration" and signed by Debtor, Judicial Notice, Negotiable Preauthorized Notice of Transfer Between Parties Only Re: Notice of Acceptance for Set-Off and Notice of Chargeback in Accord with UCC 3-419 and HJR-192 and Registered Adjustment of Account, Affidavit of Notary Presentment, Writ in the Nature of Discovery, a copy of an envelope addressed to Demetric Hayes from Melnyk Law Firm, P.C. stamped with "Accept for Value and Return for Value and Consideration" and signed by Debtor, and an Affidavit of Notary Presentment.

[3]  Debtor submitted the documents in paper form, which is in violation of the Court's Guidelines for the Filing of Documents, set forth in Operating Order 08-07. The Guidelines require parties who are represented by counsel to file documents electronically, through their counsel, on the Court's Case Management/Electronic Case Filing system (CM/ECF), except in emergency circumstances.

2. Debtor was a debtor in a previous bankruptcy case which was pending and dismissed for non-payment within the one (1) year period preceding the filing of this case. Accordingly, pursuant to § 362(c)(3)(A), the automatic stay was scheduled to expire on August 27, 2011, the thirtieth day after Debtor filed this case. Debtor filed a motion to extend the automatic stay with the Petition, which was scheduled for a hearing on August 18, 2011.

3. On August 5, 2011, Debtor commenced an adversary proceeding against SCFCU by filing a complaint and motion for turnover pursuant to 11 U.S.C. § 542, seeking turnover of the Van, which he alleged had been repossessed by SCFCU prepetition.

4. On August 9, 2011, SCFCU filed a response to the motion for turnover and a request for adequate protection.

5. On August 11, 2011, SCFCU filed an objection to Debtor's motion to extend the automatic stay.

6. On August 18, 2011, a hearing was held regarding the Debtor's motion to extend the automatic stay in the bankruptcy case, the motion for turnover in the adversary proceeding, and SCFCU's request for adequate protection, at which Debtor, Counsel, representatives of SCFCU, and counsel for SCFCU appeared. The parties advised the Court that the adversary proceeding and motion to extend automatic stay had been resolved, and at that time Debtor withdrew his motion to extend the automatic stay and motion for turnover in the adversary proceeding on the record. The terms of the settlement were announced by counsel for the parties. Debtor was present and appeared to accept and agree to such terms.

7. As a result of Debtor's withdrawal of the motion to extend the automatic stay, the stay expired on August 27, 2011.

8. On August 29, 2011, the Court filed a Consent Order Granting Adequate Protection and Resolving Motion for Turnover ("Consent Order") in the adversary proceeding, which was signed by Debtor's Counsel and counsel for SCFCU. The Consent Order provided that SCFCU was entitled to retain possession of the Van, Debtor would turn over the keys to the Van to SCFCU on or before August 29, 2011, SCFCU would forego selling the Van through September 1, 2011, Debtor intended to redeem the Van by making payment in certified funds in the amount of $42,375.94 on or before August 31, 2011 to Debtor's Counsel's trust account for wiring to SCFCU on or before September 1, 2011, and if SCFCU's counsel did not receive the redemption funds on or before September 1, 2011, SCFCU would not have a duty to retain the Van and could sell the Van pursuant to applicable state law at any time thereafter. The Consent Order further dismissed the adversary proceeding with prejudice, and provided that this Court retains jurisdiction to decide and hear any disputes relating to or arising from the Consent Order or any matter related thereto.

9. On August 29, 2011, Debtor filed the Notice of Motion for Writ of Certiorari Sequester without the assistance of Counsel. Included within this filing were a "Bill of Exchange" and "Allonge Promissory Note," along with various other documents. The "Bill of Exchange" is signed by Debtor and purports to be payable to the United States Bankruptcy Court District of South Carolina in the amount of $3,659,438.00. The "Allonge Promissory Note" is signed by Debtor and purports to be "At Sight Payable On

Demand" to the United States Bankruptcy Court District of South Carolina in the amount of $3,659,438.00.[4]

10.   On September 8, 2011, Debtor filed the Notice of Motion for Writ of Certiorari and accompanying documents, also without the assistance of Counsel.

11.   When the Court indicated at the hearing that it was unsure whether it could grant Debtor any relief pursuant to the Motions, Debtor, with the concurrence of Counsel, asked to withdraw the "Bill of Exchange" and "Allonge Promissory Note." This request was granted by the Court and these documents were returned to Debtor in accordance with an order entered by the Court in the bankruptcy case on September 16, 2011.

## **DISCUSSION**

Although the Motions and some of the related documents filed by Debtor have the form and appearance of legal documents, they are incomprehensible, nonsensical, and, even if liberally construed, do not appear to state a legally cognizable claim for relief. In an effort to fully understand the relief requested by Debtor through the Motions, the Court scheduled a hearing to provide Debtor with an opportunity to explain the purpose and effect of the documents he filed. Debtor appeared at the hearing with Counsel, although Counsel advised the Court that he was unable to provide clarification regarding these documents since he had not assisted Debtor in their preparation and filing and could not advocate in good faith any basis for the relief requested. When requested by the

---

[4]   The document further states that "On this day of August 29, 2011, I, Demetric:Hayes, by this negotiable instrument promise to Pay to Payee $3,659,439.00 USD. Payable on demand upon presentment of this original instrument properly endorsed on or after August 29, 2091 AD. This statement constitutes maker's promise for paying this instrument upon Presentment." The document further states that "As an operation of law, Payee tacitly consents and agrees that there is Accord and Satisfaction by use of this instrument for satisfying Payee's claim and Demetric:Hayes is hereby discharged from liability on this account and the obligation is suspended. Void where prohibited by law."

5

Court to explain the documents he filed, Debtor was unable or unwilling to articulate the relief he requests within the Motions or the basis for such relief, arguing instead that SCFCU should be held in contempt of court because it broke the law by refusing to immediately return the Van following his filing of his bankruptcy case.[5] He further argued that SCFCU could not claim damages because it is a corporation, which is a fictitious entity, and cannot suffer harm because it is not a human being. He also argued that SCFCU never loaned him any money; rather, he argues SCFCU owes him money since he is the creditor and it is the debtor. Finally (and inconsistently), he argued that he provided a negotiable instrument on August 29, 2011 containing sufficient funds to pay SCFCU pursuant to the Consent Order and to "discharge" his bankruptcy case.

Initially, the Court observes that Debtors claims against SCFCU regarding its conduct in connection with the repossession of the Van were resolved by agreement of the parties, which was reported to the Court during a hearing at which Debtor and his counsel were present and was subsequently documented in the Consent Order signed by counsel for Debtor and counsel for SCFCU. The Consent Order provides for the dismissal of the adversary proceeding Debtor filed against SCFCU with prejudice. This order is a final order of this Court and has not been appealed. Debtor has not moved for or provided a basis for relief from that order pursuant to the Federal Rules. As a result of his agreement to the Consent Order, Debtor has effectively waived or withdrawn the claims he now makes against SCFCU. Therefore, to the extent Debtor seeks relief for claims against SCFCU pursuant to the Motions or through his oral request at the hearing, such relief is denied.

---

[5] Debtor did not include a request for any relief on this ground in the Motions.

Debtor further asserts that he has submitted sufficient funds to pay SCFCU in full and discharge his bankruptcy through the tendering of certain documents to the Court that constitute negotiable instruments. These documents were identified by the Debtor as the "Bill of Exchange" and "Allonge Promissory Note" submitted to the Court on August 29, 2011. The "Bill of Exchange" is signed by Debtor and purports to be payable to the United States Bankruptcy Court District of South Carolina in the amount of $3,659,438.00. The "Allonge Promissory Note" is also signed by Debtor and purports to be "At Sight Payable On Demand" to the United States Bankruptcy Court District of South Carolina in the amount of $3,659,438.00. Debtor argues that these funds are available in an authorized account with the Federal government. The Court has examined these documents and finds that they are not genuine and have no legal effect. As best as the Court can discern from Debtor's arguments at the hearing and the documents filed in connection with the Motions, Debtor's theory as to the enforceability of these two documents seems to be based, at least in part, on the "Redemptionist" theory [6] or the closely related "sovereign citizen" theory, which are frivolous legal theories that have been consistently rejected by federal courts.[7] See McLaughlin v. Citimortgage, Inc., 726 F.Supp.2d 201 (D.Conn. 2010) (providing detailed explanation of the "Redemptionist"

---

[6]    Debtor denied that his arguments were based on this theory and that he had any association with this group.

[7]    One of the documents filed by the Debtor was titled a "Negotiable Preauthorized Notice of Transfer Between Parties Only." This document provides that " I Am, Demetric Hayes, living principal, Authorized Representative, holder in due course "hereinafter "Fiduciary" for Ex Rel [DEMETRIC HAYES] do hereby authorize John E. Waites, d/b/a UNITED STATE BANKRUPTCY JUDGE and / or successors and /or assigns, agent for the UNITED STATES BANKRUPTCY COURT DISTRICT OF COLUMBIA SOUTH CAROLINA to use my commercial *exemption* via *U.S. Government Contract Number* ***-**- 0841 By Bond # 139-75-005347 through Fedwire to settle the account identified above." The Court also notes a copy of a UCC-1 Financing Statement regarding the Bill of Exchange and Allonge Promissory Note and a receipt for filing such UCC-1 statement from the South Carolina Secretary of State's Office were filed by the Debtor with the Court on August 29, 2011.

7

theory[8] and rejecting such theory); In re Harrison, 390 B.R. 590 (Bankr. N.D. Ohio 2008) (rejecting a debtor's submission of a "Registered – Discharging and Indemnity Bond" for $3 million drawn on his account at the "Department of Treasury" as satisfaction for amounts due to the chapter 13 trustee, finding that it was not a genuine document, despite the debtor's arguments (based on the Redemptionist theory) regarding its validity); In re Cadillac By DeLorean & DeLorean Cadillac, Inc., 262 B.R. 711 (Bankr. N.D. Ohio 2001) (rejecting the Redemptionist theory); Charlotte v. Hanson, No. 11-1113, 2011 WL 3562887 (10th Cir. Aug. 15, 2011) (rejecting the "sovereign citizen" theory as having no conceivable validity in American law); Murakush Caliphate of Amexem Inc. v. New Jersey, No. 11-1317, 2011 WL 1871431 (D. N.J. May 13, 2011) (explaining theories underlying Redemptionist and sovereign citizen movements and interplay between them and rejecting such theories); Heitman v. Stone Creek Funding Corp., No. CV-07-150-E-BLW, 2007 WL 3333279 (D. Idaho Nov. 7, 2007) (rejecting the "sovereign citizen" theory as frivolous and groundless). When directly asked by the Court, Debtor was unable to cite any decision from any court in support of his argument regarding the enforceability of these documents as negotiable instruments, other than relying on unspecified "law books" and the United States Constitution, without designating any specific section that would be applicable. For the reasons stated in the opinions cited

---

[8] As explained in McLaughlin, "the "Redemptionist" theory... propounds that a person has a split personality: a real person and a fictional person called the "strawman." Redemptionists claim that government has power only over the strawman and not over the live person, who remains free...Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman.... Another tenet of the Redemptionist theory is that when the United States Government pledged the strawman of its citizens as collateral for the country's national debt,... it created an "exemption account" for each citizen, identified by each person's Social Security number.... When citizens contract for debt, the theory goes, their debts are collateralized by their respective exemption accounts, essentially making the U.S. Government ultimately responsible for satisfaction of their debts.... Moreover, each citizen's exemption account is virtually bottomless, meaning that those who understand this theory, and who file the appropriate UCC financing statements, and thereby become a free sovereign, a process known as "redemption," ... never have to actually pay for anything." 726 F.Supp. 2d 201 at 209-10 (citations omitted).

above, this Court similarly rejects the Redemptionist and sovereign citizen theories as viable legal theories and finds that there is no legal basis for concluding that the documents tendered by Debtor in an attempted satisfaction of his debts have any value, force, or effect. The Court further notes that the two original documents titled "Bill of Exchange" and "Allonge Promissory Note" were returned to Debtor at his request following the hearing on the Motions pursuant to an Order entered by the Court on September 16, 2011, and Debtor is deemed to have withdrawn the submission of these documents. Therefore, the Court concludes that Debtor's tendering of the Bill of Exchange and Allonge Promissory Note was insufficient as a means of payment to redeem the Van in accordance with the terms of the Consent Order, which required him to tender certified funds, or as a means of payment of his debts in order to receive a discharge in this case.

For the foregoing reasons, it is hereby

ORDERED that Debtor's Motions, including any and all relief requested in documents attached to or referenced therein, are denied; and

IT IS FURTHER ORDERED that Debtor's oral requests for relief made during the hearing on September 15, 2011 are likewise denied.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
September 22, 2011